IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRYSALYNN STEELY<br>    *Plaintiff,* | §<br>§<br>§ | |
| vs. | §<br>§<br>§ | Civil Action No. 4:24-CV-2714 |
| | § | **JURY** |
| NABORS DRILLING TECHNOLOGY USA,<br>INC., NABORS CORPORATE SERVICES,<br>INC. and CANRIG DRILLING<br>TECHNOLOGY CANADA, LTD.<br>    *Defendants.* | §<br>§<br>§<br>§<br>§ | |

## **PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Chrysalynn Steely, Plaintiff (hereinafter called "Plaintiff" or "Steely"), and files this Original Complaint against Nabors Drilling Technology USA, Inc. ("Nabors"), Nabors Corporate Services, Inc. ("Corporate"), and Canrig Drilling Technology Canada, Ltd. ("Canrig") (collectively "Defendants"), and respectfully shows the Court as follows:

## **PARTIES AND SERVICE**

1.     Plaintiff Chrysalynn Steely is a citizen of the United States and the State of Louisiana and resides in Calcasieu Parish, Louisiana.

2.     Defendant Nabors Drilling Technology USA, Inc., a foreign for-profit corporation, formed under the laws of the state of Delaware, may be served with process at the following address, pursuant to Texas Business Organizations Code §§ 5.201 and 5.255: Josh Price at 515 W. Greens Road, Houston, Texas 77067 and/or CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75204-3136. **Citation for service is requested at this time.**

1

3.      Defendant Nabors Corporate Services, Inc. is a foreign for-profit corporation formed under the laws of the state of Delaware, may be served with process at the following address, pursuant to Texas Business Organizations Code § 5.201: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136. **Citation for service is requested at this time.**

4.      Defendant Canrig Drilling Technology Canada Ltd., a foreign for-profit corporation, formed under the laws of Canada, may be served with process at the following address, pursuant to Texas Business Organizations Code § 5.201: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75204-3136. **Citation for service is requested at this time.**

**JURISDICTION AND VENUE**

5.      The Court has jurisdiction over the lawsuit under Title 42 U.S.C. §§ 2000e *et seq.* and 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991 (federal question) to correct unlawful employment practices on the basis of sexual harassment, retaliation, and discrimination, and 28 U.S.C. § 1332(a)(2) (diversity of citizenship) because Plaintiff and Defendants are citizens of different U.S. states and countries, and the amount in controversy exceeds $75,000, excluding interest and costs.

6.      Venue is appropriately established under 28 U.S.C. § 1391(b)(2) because Defendants conduct a substantial amount of business in this district and a substantial part of the events giving rise to the claims occurred in this district.

**CONDITIONS PRECEDENT AND TIMELINESS**

7.      All conditions precedent to jurisdiction have occurred or been complied with.

8.      More specifically, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein

2

and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

9. Plaintiff is also filing this lawsuit within two years of the date she filed her Charge of Discrimination.

**FACTS**

10. Defendants are liable to Plaintiff for sexual harassment, sexual assault, and gender discrimination. Plaintiff Steely was the unfortunate victim of a hostile work environment. Following her complaints about such abuses, Defendants terminated Plaintiff in retaliation. Specifically, Plaintiff was subject to unwelcome harassment on account of her gender by Defendants' employees. These claims were the subject of a filing of an Equal Employment Opportunity Commission ("EEOC") charge. The harassment, discrimination, and retaliation was severe and perverse and affected the terms and conditions of her employment. Defendants were aware, or should have been aware, of the harassment, discrimination, and retaliation, to which she was subjected to. Defendants' remedial action was not to punish the wrongdoers, but to retaliate against Plaintiff for speaking up.

11. Upon information and belief, Corporate is a subsidiary of Nabors Drilling Holdings, Inc., which itself is a subsidiary of Nabors Industrial, Ltd. Canrig is a subsidiary of Nabors Blue Shield, Ltd., which with Nabors, are also both subsidiaries of Nabors Industries, Ltd. Plaintiff's W2 documentation listed Nabors as her employer. Additionally, Nabors and Canrig's employees were bound under the human resources manuals provided by Corporate in the EEOC investigation.

**A.      Sexual Harassment and Sexual Assault**

12.     Chrysalynn Steely was an employee of Canrig's Magnolia, Texas facility as a Mechanical Technician for approximately six (6) months. Steely was the only female worker in the Magnolia facility.

13.     On December 14, 2022, Steely was outside of the Canrig facility in a designated smoking area. Steely's male coworkers Derrick McPherson ("McPherson") and Brandon Moore ("Moore") were also outside. McPherson told Steely that "she looked like she had a bad day" and that she a needed hug, but Steely declined his overtures. Despite her verbalized objections, McPherson repeatedly asked to hug Steely. To her immediate regret, Steely allowed McPherson to hug her simply so that he would stop asking her for a hug. McPherson then proceeded to sexually assault and sexually harass Steely by grabbing her buttocks, breast, and in between her thighs. Steely attempted to fight McPherson off her, but in response, he held her tighter and continued to violate her. After the traumatic episode of sexual assault, McPherson thanked her, laughed, and said "I really needed that."

14.     Meanwhile, Moore witnessed McPherson sexually assault and sexually harass Steely. Moore is a member of Canrig's Emergency Services personnel and is required to report incidents of sexual assault and sexual harassment. Instead of reporting the incident, Moore said "Damn! That was f***ed up!" Moore subsequently reported to Steely that McPherson was bragging to other coworkers about grabbing her buttocks.

15.     When Steely returned to her working area, her supervisor Richard Gonzalez ("Gonzalez") noticed that she was visibly upset. Steely told Gonzalez exactly what happened; she was sexually assaulted and sexually harassed by McPherson. Steely also told Gonzalez's supervisor, Elia Chavez ("Chavez"), and Chavez's supervisor about the incident. They all convinced Steely to report the incident to the facility's Human Resources ("HR"). Steely complied

4

and reported the incident to Jami Roper ("Roper"), Canrig's HR manager, along with Kari Tanberg ("Tanberg"). Roper instructed Steely to write a statement of events explaining what happened and to merely avoid McPherson. Steely complied with Roper's instructions.

16.     On behalf of Defendants, Roper, Gonzalez, and Chavez all assured Steely that she would not be retaliated against for reporting the incident.

**B.     Retaliation**

17.     Roper allegedly met with McPherson and Moore to discuss McPherson's assault against Steely and Moore's failure to report the incident. Moore was upset that Steely reported him to HR as a witness and was concerned that he would lose his job. Moore thereafter told others that "If I go down, [Steely]'s going down with me." McPherson was also required to submit his statement of events of the assault to HR. In his statement, he alleged that Steely smoked marijuana.

18.     Nabor's Human Resources Manual titled "Equal Employment Opportunity" policy from November 2, 2021 and "Harassment" policy from February 22, 2022 defines "Retaliation" as "harassment and discrimination by an employer as a result of an investigation prompted by an employee's complaint at work."[1] The Manual outlines numerous protections from retaliation for employees who make a complaint or who are part of an investigation;

a. Employees can raise concerns and make reports without fear of reprisal or retaliation. Any person found to have retaliated against another individual for reporting violations of this policy shall be subject to disciplinary action, up to and including termination.[2]

---

[1] Nabor's Human Resources Manual from November 2, 2021 ("2021 Policy"), at 3.5; Nabor's Human Resources Manual from February 22, 2022 ("2022 Policy"), at 3.6.
[2] 2021 Policy at 6.1.12.; 2022 Policy at 7.4.

5

b. "The company does not tolerate any form of discrimination, harassment or retaliation against individuals who have made a good faith report concerning possible acts of discrimination, harassment or retaliation."[3] Steely found out to her detriment, that was not the case.

c. "Retaliation against individuals who make complaints or participate in an investigation of a complaint shall not be tolerated."[4]

d. "Retaliation against employees… who mak[e] complaints internally… is strictly prohibited."[5]

19.     Canrig allegedly conducts "random" drug tests on their employees, and a positive test will result in termination. For reasons unexplained, Canrig and Nabors took the word of Steely's abuser and had her tested the next day.

20.     On December 15, 2022, Steely was chosen to take a "random" drug test. Steely should have never been subjected to a drug test less than twenty-four (24) hours after reporting her sexual assault and sexual harassment. Despite being one of approximately twenty-five (25) employees who were selected to take a "random" drug test, Steely was the _only_ employee who was escorted to take her test from her workstation. Each employee submitted urine samples. The urine samples from Steely and her male coworker, Herby Campbell ("Campbell") were the only two (2) whose results were "under temperature." The lab technicians instructed both Steely and Campbell to provide additional urine samples. The additional samples had to be taken while the lab technicians watched.

**C.     Discrimination**

---

[3] 2021 Policy at 6.2.; _see also_ 2022 Policy at 7.3.
[4] 2021 Policy at 7.1.4
[5] 2021 Policy at 9.1.

21.     Steely's uniform consisted of a one (1) piece jumpsuit.  If Steely needed to use the restroom, she would have to unzip the entire jumpsuit, essentially leaving her physically exposed. Due to Steely being sexually assaulted and sexually harassed by McPherson the previous day, she told the lab technician that she was not comfortable with undressing to take the drug test. The lab technician was appalled that Steely was working so soon after the assault and allowed her to sign a refusal document.

22.     Emilio Carrillo ("Carrillo") escorted Steely back to HR where they told her that she had to take another drug test off-site the following day on December 16, 2022. HR indicated that the next drug test will be a hair follicle test. Steely was then sent home for the day and not allowed to return to work. Carrillo escorted Steely to gather her belongings from her working area and then he walked her to her car.

23.     Meanwhile, Campbell also refused to provide a second urine sample. However, in contrast with Canrig's treatment of Steely, Campbell was not required to take a second hair follicle drug test off-site. Campbell was allowed to go back to work as they simply re-tested his previous sample, another courtesy that was not afforded to Steely.

24.     Steely provided a sample for the December 16, 2022 hair follicle test. It allegedly came back positive. On December 20, 2022, Canrig's HR department contacted Steely by telephone and terminated her employment.

25.     Canrig, Nabors, and Corporate discriminated against Steely for reporting her traumatic sexual assault and sexual harassment. In immediate and direct retaliation, Canrig, Nabors, and Corporate subjected Steely to a "random" drug test the very next day and later fired her based on these pretextual but unverified reasons.

26.     Subsequent to these events, on June 7, 2023, Steely timely filed a charge of discrimination with the EEOC against the Defendants documenting the harassment, sexual assault, discrimination, and retaliation she suffered as a result of the Defendants' actions. On April 24, 2024, the EEOC issued the Plaintiff a right to sue letter ("Notice"), thereby allowing her to sue the Defendants in court. Plaintiff filed this action within ninety (90) days of her receipt of the right to sue, in accordance with said Notice.

27.     Based on Defendants Canrig, Nabors, and Corporate's unlawful acts, Steely asserts claims and causes of action against them as follows:

## CAUSES OF ACTION

28.     Plaintiff hereby incorporates and incorporates by reference each paragraph of the facts, above.

***Count One: Harassment***

29.     Defendant Canrig, Nabors, and Corporate, by and through their agents, McPherson, Moore, and Roper, intentionally engaged in unlawful practices involving Steely because she is a woman.

30.     Defendants' unlawful employment practices had a disparate and adverse impact on Plaintiff because Steely is a woman. Such employment practices were not job-related and were not consistent with business necessity.

31.     Defendants' employee sexually harassed and assaulted Plaintiff, as described above, in violation of her rights under 42 U.S.C. § 2000e-2(a). Defendants knew or should have known of the harassment yet failed to take prompt remedial action.

***Count Two: Gender Discrimination***

32.     By and through their employees and agents, Defendants intentionally engaged in unlawful employment practices involving Plaintiff because of her gender.

33.     Defendants' discrimination against Plaintiff constitutes violations of Title VII, of the Civil Rights Act of 1964, as codified in 42 U.S.C. §§ 2000e-2 *et seq.*, and the Texas Commission of Human Rights Act, as codified in the Texas Labor Code §§ 21.001, *et seq.* Defendants also violated the Texas Labor Code §§ 21.051 *et seq.* and Texas Labor Code § 21.2585.

34.     Defendants' unlawful employment practices and the purported requirement Steely be sent to a second location to have her drug test retaken and not reused, had a disparate and adverse impact on Plaintiff because of her gender. Such employment practices were not job-related and were not consistent with business necessity.

35.     The discrimination was sufficiently perverse to alter the conditions of Plaintiff's employment and created a working environment which was intimidating, insulting, and abusive to a reasonable person in Plaintiff's position. Defendants, and/or their agents, acted with malice, or in the alternative, with a reckless indifference to Plaintiff's state and federally protected rights.

36.     Defendants, by and through their agents, also violated Plaintiff's rights under 42 U.S.C. § 1981.

***Count Three: Retaliation***

37.     Defendants instituted a campaign of retaliation which included causing Plaintiff to be drug tested based solely on what her abuser told HR in an assault investigation. This retaliation was and is directly correlated and due to Plaintiff exercising her rights by reporting harassment and a sexual assault. Plaintiff suffered damages for which Plaintiff herein sues.

38.     According to both Texas Labor Code § 21.055 and 42 U.S.C. § 2000e-3(a), it is unlawful for an employer to retaliate against an employee for participating in an investigation.

9

After Plaintiff was assured she would suffer no repercussions from reporting the sexual harassment and assault she experienced, the next day, she was escorted to provide a urine sample for a drug test, *on the word of the person who was harassing her*. She never should have been required to undergo a drug test – and it was anything but random. No other person providing a sample that day was escorted to the drug testing area. The Defendants, through their agents, retaliated against Plaintiff by requiring her to take a drug test or face termination for refusal in violation of state and federal law.

39.    Defendant's actions subjected Plaintiff to a hostile work environment, adversely affecting her status as an employee because of Plaintiff's reporting, with reckless indifference to the rights of Plaintiff, entitling Plaintiff to an award of punitive damages.

*Count Four:* **Respondeat Superior** *and Ratification*

40.    Whenever in this complaint it is alleged that the Defendants did any act or thing, it is meant that the Defendants' officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendants or was done in the normal and routine course and scope of employment of Defendants' officers, agents, servants, employees, or representatives.

*Count Five: Declaratory Judgment*

41.    Pursuant to the Uniform Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202, or alternatively, Tex. Civ. Prac. & Rem. Code § 37.009, Plaintiff requests that this Court grant her declaratory relief concerning the parties' rights, status, obligations, and other legal relations. Specifically, Plaintiff requests that the Court declare the following:

    a.   Plaintiff was an employee of Defendants;

    b.   Plaintiff was in the course and scope of her employment when she was harassed;

c. Defendants' "Harassment" policy was in effect in December of 2022;

d. Defendants' "Equal Employment Opportunity" policy was in effect in December of 2022;

e. Defendants sent Plaintiff to take a drug test after she was accused using marijuana during a harassment investigation in violation of their company policies.

## ATTORNEY'S FEES

42. Plaintiff is entitled to recover reasonable and necessary attorney's fees and costs of court under the Uniform Declaratory Judgments Act, 28 U.S.C. § 2202 and/or Tex. Civ. Prac. & Rem. Code § 37.009, or as otherwise allowed by law.

43. Plaintiff is also entitled to recover her reasonable and necessary attorney's fees (including expert fees) as part of the costs, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k).

44. Plaintiff is further entitled to recover her reasonable and necessary attorney's fees and reasonable expert fees pursuant to her claims under the Texas Labor Code § 21.259.

## JURY DEMAND

45. Plaintiff asserts her rights and demands, in accordance with Fed. R. Civ. P. 38 and requests that this case be heard before a jury on all issues permitted by law.

## DAMAGES

46. As a result of Defendants' actions and misconduct, Plaintiff suffered damages in excess of the minimum jurisdictional limits of this Court. Defendants' individual and collective conduct has directly resulted in the damages to Plaintiff described in this Complaint.

47. Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to Plaintiff's protected rights. To

11

punish the Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages.

48.    Plaintiff hereby requests actual damages for the claims and causes of action asserted herein against each of the named Defendants.

49.    Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

a. All reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff;

b. All reasonable and necessary costs incurred in pursuit of this suit;

c. Prejudgment and post-judgment interest as provided by law;

d. Punitive damages;

e. Emotional pain;

f. Inconvenience;

g. Humiliation;

h. Mental pain and mental anguish in the past and in the future;

i. Reasonable medical care and expenses in the past: these expenses were incurred by Plaintiff and such charges are reasonable and were usual and customary charges for such services in Calcasieu Parish, Louisiana;

j. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

k. Expert fees as the Court deems appropriate;

l. Pursuant to Fed. R. Civ. P. 54(c), all other relief, at law or in equity, that the Court deems appropriate and to which Plaintiff is justly entitled.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Chrysalynn Steely respectfully prays that Defendants Nabors Drilling Technology USA, Inc., Nabors Corporate Services, Inc., and Canrig Drilling Technology Canada Ltd. be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**McCathern Houston**

By: _/s/ Rodney L. Drinnon___
**Rodney L. Drinnon**
Texas Bar No. 24047841
Southern District Bar No. 6059446
rdrinnon@mccathernlaw.com
2000 West Loop South, Suite 1850
Houston, TX 77027
Tel. (832) 533-8689
Fax (832) 213-4842
**ATTORNEY IN CHARGE FOR PLAINTIFFS**

**David L. Clark**, *Of Counsel*
Texas Bar No. 24036367
Southern District Bar No. 613938
dclark@mccathernlaw.com
**Danielle Chester**, *Of Counsel*
Texas Bar No. 24101615
Southern District Bar No. 3015382
dchester@mccathernlaw.com
2000 W. Loop South, Suite 1850
Houston, Texas 77027
Tel. (832) 533-8689
Fax (832) 213-4842

13